UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MUHAMMAD ALI a/k/a James William Epps,

Plaintiff,

DECISION AND ORDER

-vs-

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES HOME ENERGY ASSISTANCE PROGRAM (HEAP), NIAGARA MOHAWK and FAIR HEARING SECTION OFFICE OF ADMINISTRATIVE HEARING NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE,

04-CV-164S

Defendants."

## I. INTRODUCTION

Plaintiff Muhammad Ali, a/k/a James William Epps, filed this action *pro se* on March 12, 2004, seeking relief under the Civil Rights Act of 1964 (42 U.S.C.§ 1983), Title II of the American with Disabilities Act (42 U.S.C. §12132), the Racketeering Influence and Corrupt Organizations Act (18 U.S.C. §1961) and the federal criminal statute for theft and embezzlement (18 U.S.C. §641).

Upon initial screening under 28 U.S.C. §1915 (e) (2) (B), the Court liberally construed Plaintiff's Complaint to allege that (1) Defendants, Erie County Department of Social Services Home Energy Assistance Program ("Erie County HEAP") and New York State Office of Temporary and Disability Assistance ("OTDA")[1] denied Plaintiff's 2004 application for emergency and regular HEAP benefits in violation of 42 U.S.C. §§ 12132

[1] OTDA is being sued as "Fair Hearing Section, Office of Administrative Hearing, New York State Office of Temporary and Disability Assistance."

and 1983, and (2) Defendants Timmons, Kensington-Bailey Neighborhood Housing Services, Inc. ("Kensington-Bailey") and John Conrad of Kensington-Bailey embezzled and stole money that Plaintiff had given to Timmons, his landlord, for payment of his January 2004 rent in violation of 18 U.S.C. §§ 641 and 1961. (Docket No. 6). It granted Plaintiff's motion for leave to proceed *in forma pauperis*, dismissed Plaintiff's claims against Defendants Timmons, Kensington-Bailey, and Conrad because Plaintiff had failed to state a claim upon which relief could be granted, and allowed Plaintiff's claims against Erie County HEAP and OTDA to proceed. (Ibid.)

In October, 2004, Defendants Niagara Mohawk and OTDA filed a Motion to Dismiss and a Motion for Summary Judgment (Docket Nos .12 and 15, respectively). On January 13, 2005, Plaintiff filed a Motion to Amend his Complaint. (Docket No. 26). Each of these motions was denied without prejudice on September 7, 2005, due to Plaintiff's confinement at Erie County Medical Center. (Docket No. 29). On March 19, 2007, after his release from the Erie County Medical Center, Plaintiff renewed his Motion to Amend the Complaint. (Docket. No. 32).[2] On March 22, 2007, only Defendant OTDA renewed its Motion for Summary Judgment (Docket No. 33).[3] These motions are now pending this Court's

---

[2] Plaintiff subsequently filed several motions seeking leave to amend (see Docket Nos. 43, 44, 47), all of which were summarily denied as redundant (Docket No. 48). Defendants in responses to *these* motions have been considered in conjunction with Plaintiff's initial Motion to Amend. (See Docket Nos. 45 & 49).

[3] Niagara Mohawk filed papers in response to the instant motions stating that they are also submitted in support of its "motion to dismiss previously filed with this Court on October 12, 2000." (Docket No. 37, ¶ 5). This statement fails to recognize that the motion was denied without prejudice to re-filing, but then was never re-filed. As such, a Motion to Dismiss by Niagara Mohawk will not be considered herein. Niagara Mohawk's papers will be considered only to the extent that they oppose Plaintiff's Motion to Amend. Similarly, Defendant Erie County HEAP has only intimated that it "has joined" in past motions to dismiss and for summary judgment (see Docket No. 36 at ¶ 6 and No. 45 at ¶ 4) and attempts to "renew" previous motions that were never made (see Docket No. 3 at ¶ 3). This Court will not construe these statements as motions or renewal of motions. However, they will likewise be construed to the

decision. For the reasons that follow, Plaintiff's motion will be denied and OTDA's motion will be granted.

## II. BACKGROUND

The Complaint alleges causes of action against Erie County HEAP and OTDA[4] pursuant to 42 U.S.C. §§ 12132 and 1983 involving the denial of Plaintiff's 2004 application for emergency and regular HEAP benefits. Plaintiff alleges that his HEAP benefits were denied "upon a conspiracy to obstruct justice under the color of law upon discrimination" . . . "and was further denied because [Plaintiff] had changed his religion from Christian to Islam" . . . and "so that the Involved Defendant(s) can use [Plaintiff's] HEAP benefits for campaign purpose upon a conspiracy to obstruct justice." (Docket No. 1, p. 4). There are no attendant facts asserted relative to these allegations.

### A. The Motion to Amend

Plaintiff seeks to amend his Complaint to add the following defendants: Ku Klux Klan and Aryan Nation (purportedly located underground at the University of Buffalo Law/Health Science Library), Buffalo City Police Department, Denis Jackowiak, Special Investigations Division, Erie County Department of Social Services, Richard Harden, County of Erie Department of Social Services, and the Erie County Medical Center.

Plaintiff's motion papers are difficult to decipher, as they are "replete with fantastic and delusional scenarios." *See e.g.,* Mecca v. U.S. Government, 2006 WL 2927157, *2 (E.D.N.Y. 2006), *aff'd.* 232 Fed. Appx. 66, 2007 WL 2389754 (2d Cir. 2007). As best as

---

extent that they oppose Plaintiff's Motion to Amend.

[4] The Complaint alleges no causes of action against Niagara Mohawk. See, Section III. C., *infra*.

this Court can construe, Plaintiff claims that these parties should be added because they were equal participants in a myriad of conspiracies against him. Plaintiff further alleges that these conspiracies are in retaliation for Plaintiff filing a multi-billion dollar lawsuit against Erie County Medical Center and others in which he claims the proposed defendants offered parents $10,000. to allow them to inject their children with the AIDS virus and also alleges a murderous conspiracy to infect Plaintiff with the AIDS virus. Plaintiff suggests that this lawsuit is pending before the United States Supreme Court.

Plaintiff references two case numbers in his papers – 04-CV-459 and 04-CV-540. These cases were filed in this district and involved substantially similar allegations as the ones in Plaintiff's current Motion to Amend. Both were dismissed by the Court *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The docket reflects no appeals pending in these cases.

In his motion, Plaintiff also alleges that he is being retaliated against for kicking both eyes out of the head of an off duty police officer in self-defense in 1993 after the officer attacked him for refusing to engage in homosexual activities. Plaintiff also claims that the proposed parties are equal participants in supplying local bars with controlled substances and that the bars are extorted into filing false charges against Plaintiff for fear of losing their supply of controlled substances.

Defendants oppose the motion, to the extent that it attempts to supplement any claims against them, on the ground of undue delay. The responses, however, mostly refer to the 'renewed'dispositive motions which, as this Court explains in footnote 3, do not exist. Further, Defendant OTDA states that, to the extent that Plaintiff seeks to replace the

parties with the proposed new defendants and effectively discontinue against OTDA, it does not object to the motion. (See Docket Nos. 34, 36, 49 & 45).

**B. The Summary Judgment Motion**

Defendant OTDA seeks summary judgment pursuant to FED. R. CIV. P. 56. OTDA submits evidence that, although Plaintiff had requested several fair hearings during the time period alleged in the Complaint, none were actually held.[5] There were only two hearings scheduled regarding the denial of HEAP benefits. On the day of the March 29, 2004 hearing, the record indicates that Plaintiff called the agency and "withdrew" his request. The other hearing was never held because Plaintiff failed to attend and therefore defaulted. OTDA argues that there is no final administrative determination rendered by OTDA that this litigation may address at this time.

## III. DISCUSSION AND ANALYSIS

**A. The Motion to Amend**

The Federal Rules of Civil Procedure provide that, when leave of Court is required to amend a complaint, "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is well settled that "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. [the "Foman factors"], the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis,

[5] OTDA's moving papers also suggest that, to the extent that the Complaint alleges that benefits were denied some time in 1997, such claims would obviously be time-barred. This Court agrees. In any event, this suggestion may have been the result of what the Court previously interpreted as a typographical error in the Complaint. (*See* Docket No. 6, footnote 1).

371 U.S. 178, 182 (1962). "[C]onsiderations of undue delay ... and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 70 (2d Cir. 2002) (quoting Barrows v. Forest Labs., Inc., 742 F.2d 54, 58 (2d Cir.1984)).

Several of the Foman factors are implicated in the instant case. OTDA notes the long delay by Plaintiff in making his motion, and argues that an Amended Complaint would not change its basis for summary judgment. Defendant Niagara Mohawk also notes the deficiency of the claims against it. These are essentially arguments of undue delay and futility. This Court need not address the undue delay consideration because the futility factor is so obvious here.

The Motion to Amend will be denied because it would be futile to allow Plaintiff to amend his Complaint. The proposed new allegations and parties have no connection whatsoever to the portion of the Complaint that remains, that is, the alleged improper denial of Plaintiff's 2004 application for emergency and regular HEAP benefits. Instead, what Plaintiff attempts to do is to amend his Complaint so as to resurrect claims that have already been dismissed twice. The proposed allegations and parties contained in the present motion are, in sum and substance, the same as those in the cases referenced above, which were dismissed for failure to state a claim. These claims have already been found to be legally deficient, thus it would be futile to assert them in this case.[6] Plaintiff's Motion to Amend will therefore be denied.

---

[6] It also strikes this Court that the claims Plaintiff seeks to add would be subject to immediate dismissal due to their frivolous nature. See Denton v. Hernandez, 504 U.S. 25, 32 - 33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (a claim may be dismissed as factually frivolous if the facts alleged are "clearly baseless", a category which encompasses allegations that are "fanciful", "fantastic" and "delusional").

**B. The Summary Judgment Motion**

Plaintiff was properly and sufficiently advised of his obligations to respond to OTDA's Motion for Summary Judgment. He was sent a notice pursuant to Irby v. NYC Transit Auth. (262 F.3d 314 (2d Cir. 2001))[7] in October 2004, when OTDA first filed the motion, and again on March 22, 2007, when the motion was re-filed. Despite these notices, and numerous extensions of time and additional filing opportunities, Plaintiff never responded to OTDA's motion.

The familiar standard for considering OTDA's motion is as follows:

> . . . [S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). A material fact is one that would 'affect the outcome of the suit under the governing law,' and a dispute about a genuine issue of material fact occurs if the evidence is such that 'a reasonable [factfinder] could return a verdict for the nonmoving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986); R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed.2d 176 (1962) (per curiam); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir.1987).

Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue of New Jersey, Inc., 448 F.3d 573,

---

[7] Irby details one's obligations to respond to summary judgment motions and the potential consequences for failure to do so.

579 (2d Cir. 2006); *see also* GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc., 449 F.3d 377, 382 (2d Cir. 2006). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); GlobalNet Financial.Com, 449 F.3d at 382; *see also* Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir.1998) ("conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact"). The non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (*quoting* FED. R. CIV. P. 56(e)). In providing no response, Plaintiff has obviously failed to make such a showing. Nevertheless, this Court has searched the record to determine if summary judgment is appropriate.

These are the undisputed facts before this Court relative to Plaintiff's claims against OTDA that its denial of HEAP benefits were in violation of his constitutional rights:

> Of the two hearings Plaintiff requested in 2004 with respect to denial of HEAP benefits, he failed to appear at one hearing and withdrew his claim in the other. Further, OTDA contemporaneous records indicate that "client states he was denied benefits due to utility bill is not in his name but his sisters [sic] due to problems he is having with the utility company" and contains no allegations of race, religion or disability discrimination. The

remainder of Plaintiff's allegations are those contained in his complaint, contain no facts and consist of no more than speculation and accusation. (Affirmation of Sharon V. Desilva and Exhibits, Docket No. 33)

This is wholly insufficient to support any liberal construction of either a claim pursuant to 42 U.S.C. § 12132 or one pursuant to 42 U.S.C. § 1983. These facts fail to make a showing sufficient to establish the existence of any of the essential elements of these claims, upon which Plaintiff will bear the burden of proof at trial. For example, 42 U.S.C. § 12132 provides that "**. . .** no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Plaintiff has not made any showing that he is a qualified person with a disability and that the denial of his HEAP benefits was in any way related to that disability. Further, other than making bald accusations, Plaintiff puts forth no facts to suggest that the denial of benefits was related in any way to his race or religion, as a claim pursuant to 42 U.S.C. § 1983[8] would require. As such, OTDA has established that it is entitled to judgment as a matter of law.

**C. Niagara Mohawk and Erie County HEAP**

Although these Defendants have not properly moved for summary judgment, this Court will dismiss the claims against them pursuant to its *sua sponte* authority to, *"at any time"*, dismiss a case that is frivolous or malicious, fails to state a claim, or seeks monetary

[8] 42 U.S.C. § 1983 states in pertinent part that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . "

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (emphasis added).

With respect to Niagara Mohawk, the Complaint fails to state a claim against it. A plain reading of the Complaint reveals no substantive allegations against Niagara Mohawk. The only part of the Complaint that mentions Niagara Mohawk is the section where the parties are described. Further, any § 1983 claim against Niagara Mohawk would necessarily be dismissed because Niagara Mohawk is a private enterprise and not a governmental entity of the state or a municipality and, as such, is not a "person" acting under color of state law for purposes of § 1983 and may not be subjected to the constitutional restraints that are addressed by that statute. *See* Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed.2d 482 (1981) (Fourteenth Amendment offers no shield against private conduct, however discriminatory or wrongful); *see also* Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir.), *cert. denied*, 484 U.S. 965, 108 S. Ct. 456, 98 L. Ed.2d 396 (1987).

Additionally, any claims against Erie County HEAP, a department of the County of Erie, must also be dismissed because (1) Erie County HEAP is merely an arm of the County, and does not have a legal identity separate and apart from the County and cannot be sued, *see* Brockport v. County of Monroe Pure Waters Div., 75 A.D.2d 483, 486 (4th Dept. 1980), *aff'd* 54 N.Y.2d 678 (1981); Loria v. Town of Irondequoit, 775 F. Supp. 599, 606 (W.D.N.Y. 1990), and (2) there are no allegations that the challenged actions were performed pursuant to a municipal policy or custom of the County. Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government entity,

such as Erie County HEAP, may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L. Ed.2d 611 (1978).

To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see* Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts . . . a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of Erie County HEAP, and thus Plaintiff has failed to state a claim against this Defendant.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Amend the Complaint (Docket No. 32) is DENIED, Defendant OTDA's Motion for Summary Judgment (Docket No. 33) is GRANTED, and the claims against Niagara Mohawk and Erie County HEAP are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to Amend the Complaint (Docket No. 32) is DENIED.

FURTHER, that Defendant OTDA's Motion for Summary Judgment (Docket No. 33) is GRANTED.

FURTHER, that the claims against Niagara Mohawk and Erie County HEAP are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

FURTHER, the Complaint is hereby DISMISSED with prejudice and the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: January 28, 2008
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge